PER CURIAM.
Appellant William R. Price filed this interlocutory appeal from an order striking for sham counts 1 and 2 of his counterclaim against appellee Robert M. Hewitt, and, on motion of the latter, dismissing count 3 of the Price counterclaim, with leave to amend.
Hewitt and Price were parties defendant in a suit filed by Airlift International, Inc. and others. Hewitt filed a cross-claim against Price and others, seeking an accounting from them relating to transactions involving the plaintiff Airlift International, Inc. over a period of years, including an accounting between Hewitt and Price as to numerous transactions relating to stock of the corporation, beginning in 1960, and claiming from Price blocks of 290,333 shares and 5,400 shares of stock of the corporation. Hewitt’s cross-claim for accounting against Price withstood a motion of the latter to dismiss. Price counterclaimed against Hewitt, in three counts. Price’s count 1, as does Hewitt’s cross-claim, seeks accounting as to various transactions between them relating to stock of *693 the corporation for the same period, including a specific claim against Hewitt for 354,260 shares of the stock.
On consideration of the record we find no evidentiary support for the striking of Price’s count 1 for sham. The count may have been subject to a motion for more definite statement. Price’s counsel conceded as much, at the hearing in the trial court. A motion for that relief was not addressed to the count, but there was a motion by Hewitt to dismiss. That motion was not ruled upon by the trial court in view of the ruling granting the alternative motion to strike the count for sham.
We affirm the striking of count 2 for sham. The evidence submitted thereon in support of Hewitt’s motion to strike for sham, consisting of excerpts from a deposition by Price in a prior case, sufficiently disclosed that Price’s claim against Hewitt, presented in count 2 for one-third of a certain block of stock of the corporation which Hewitt had obtained from one Davis, was wholly without merit.
We also affirm the dismissal of count 3 with leave to amend. In that count Price alleged a loan of $15,000 to Hewitt, repayable on demand, for use by Hewitt in paying an income tax obligation owed by Hewitt in April of 1962. The date on which the loan was made was not alleged, nor was it alleged whether the loan agreement was oral or in writing. There was a possible lapse of more than six years between the time the loan could have been made and became payable, and the time the counterclaim was filed. Here again, a motion for more definite statement would have produced the pertinent dates and facts upon which it could be determined whether the statute of limitations had run. The same result can be accomplished by the order made by the trial court, dismissing count 3 with leave to amend.
For the reasons stated, the order appealed from is reversed as to its provision striking count 1 for sham, affirmed as to its provision striking count 2 for sham, and affirmed as to its dismissal of count 3 with leave to amend.
Affirmed in part and reversed in part.